## J. A. LEAK v. BANK OF WADESBORO.

(Filed 5 November, 1908).

1. **Personal Property—Evidence of Sale—Registration—Mortgage.**
   A paper writing evidencing that the maker voluntarily turned over to the sheriff, to be held for the bank, certain personal property, to be delivered to the bank to partly cover checks drawn by the maker on the account of another, is a sale, and requires no registration as against a mortgage subsequently given on the property mentioned; and evidence, on the part of the bank, tending to show a valid indebtedness of the maker to it, is competent, being relevant to support the bank's title in case impeaching testimony is offered.

ACTION tried before *Jones, J.,* and a jury, at June Term, 1908, of ANSON, for the recovery of a horse.

LEAK *v.* BANK OF WADESBORO.

The following issues were submitted and responded to by the jury:

"1. Is plaintiff the owner and entitled to the possession of the horse described in the complaint? Answer: 'Yes.'

"2. What is the value of the horse? Answer: '$150.'"

There was judgment on the verdict for plaintiff and defendant excepted and appealed.

*McLendon & Thomas* for plaintiff.
*Robinson & Caudle* for defendant.

PER CURIAM: The plaintiff offered in evidence a chattel mortgage on the horse in question, to secure a note of $100.30, duly registered in Anson, the proper county, on the 2d day of September, 1907. The defendant offered in evidence the following paper writing, the execution of which was properly proven, and as of the date appearing on the face, 31 August, 1907, and proved the delivery of the property described in the paper writing to the sheriff of Anson County on the day of its execution:

"ALBEMARLE, N. C., August 31, 1907.

"I, E. B. Dunlap, do hereby freely of my own will and volition, turn over, surrender and deliver to J. D. Love, Sheriff of Stanly County, to be held by him for the Bank of Wadesboro, Wadesboro, N. C., and to be delivered by him to said bank, one bay mare, one Henderson Ruff rubber tire top buggy, the harness and bridle, collar with same, all now in the livery stable of S. D. Klutz at Albemarle, N. C., also one new suit of clothes, now at my father's home in Anson County. This property is delivered to said bank to partly cover some checks on said bank which I have drawn on E. C. Dunlap's account.

"This 31 August, 1907.

E. B. DUNLAP."

Witness: R. L. Smith.

This paper has not been registered.  Defendant further offered evidence tending to show the existence of a valid demand existent in favor of defendant bank against the said E. B. Dunlap, and that the property in question was turned over in satisfaction of this claim.  The Court, after hearing the testimony, on motion excluded the same, holding: that the testimony admitted, tending to show that there had been a sale of the property to defendant, was admissible; that the paper writing, under which defendant claimed the property, was on its face a chattel mortgage or an assignment requiring registration, and not having been registered, same was invalid as against the plaintiff's claim; and charged the jury, if they believed the testimony, ·to answer the first issue "Yes." Defendant excepted.

The Court is of opinion that there was error in the ruling of the Court below.  The paper writing, on its face, purports to be a sale effecting an absolute transfer of the property, and, so far as the evidence now discloses, no registration of same is or was required.  This sale having taken place prior to the registration of plaintiff's mortgage, the title of defendant to the horse is good, unless and until the same is in some way impeached.  And the testimony offered by defendant, which was first admitted by the Court and afterwards struck out for the reasons indicated, would be relevant in support of defendant's title in case impeaching testimony is offered.

There is error, and a new trial is awarded.

New trial.